**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v.                                                      CRIMINAL  ACTION  NO. 3:11-00235

FRANCIS ZUSPAN,
        also known as Frank Zuspan

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are a number of pretrial motions filed by Defendant Francis

Zuspan.  The Court held a hearing on the motions on July 16, 2012.  For the reasons stated at the

hearing, the Court ruled as follows:

1.      With regard to Defendant's Motion in Limine to Strike Excessive Surplusage from Indictment (ECF No. 46), the Court **HELD IN ABEYANCE** the motion with respect to paragraph 6, and **GRANTED** the motion with respect to paragraph 7.

2.      The Court **DENIED** Defendant's Motion in Limine to Prohibit the Government from Introducing Expert Opinion Testimony from Steve Myers (ECF No. 47), but the Court **DIRECTED** the Government to provide Defendant a written summary of Mr. Myers' opinions and the basis of his opinions.

3.      The Court **DENIED** Defendant's Motion in Limine to Preclude the Government from Introducing any Testimony Pertaining to the Presence of Sewer Gas Odor at the Residence of Ray and Rebecca McFarland (ECF No. 48).

4.      The Court **GRANTED** Defendant's Motion to Exclude Evidence of Prior Conviction at Trial (ECF No. 49), but only under Rule 609 of the Federal Rules of Evidence.

5.      The Court **DENIED, in part,** and **GRANTED, in part,** Defendant's Motion in Limine to Exclude Irrelevant and Prejudicial Evidence at Trial (ECF No. 50).  The Court found Jeff Fowler can testify as what

he observed with respect to the ditch, but the Government may not offer in its case in chief any evidence related to derogatory remarks made on Topix.com.

In addition to holding part of the first motion in abeyance (ECF No. 46), the Court also withheld ruling on parts of Defendant's Motion in Limine to Exclude Other Bad Acts Evidence at Trial. (ECF No. 52). Upon further consideration, the Court **GRANTS, in part,** and **DENIES, in part,** the other bad acts motion for the following reasons.

## I.
## OTHER BAD ACTS

The Indictment in this case charges that Defendant "was engaged in the business of cleaning residential and commercial septic tanks and portable toilets," and that on or about February 1, 2011, Defendant did knowingly discharge untreated sewage and portable toilet waste into the Town of Mason's publicly owned treatment works (POTW), despite the fact that the Clean Water Act (CWA) prohibited such discharges. *Indictment*, at ¶¶1 & 5. The Indictment further states that the discharge caused the town's equipment to malfunction, resulting in a temporary cessation of its operations. *Id*. at ¶6. In its various disclosures to Defendant, the Government identified a number of prior instances which the Government contends are admissible evidence under Rule 404(b) of the Federal Rules of Evidence. In his memorandum, Defendant identified these events serially as paragraphs (A) through (M). At the hearing, the Court granted Defendant's motion with respect to paragraphs (A),[1] (C),[2] (F),[3] and (M).[4] On the other hand, the Court denied the motion with respect

---

[1]Paragraph (A) involves Defendant's November 17, 2000 no contest plea to the misdemeanor offense of open dumping in Meigs County Magistrate Court. The Government represented at the hearing that it would not attempt to introduce such evidence.

[2]Paragraph (C) seeks to exclude allegations by Steve Myers that Defendant offered him cash
(continued...)

to paragraphs (D),[5] (E),[6] (G),[7] (H),[8] (I),[9] (J),[10] and (L).[11]  The Court withheld ruling on paragraphs

(B) and (K).  These paragraphs provide, in part:

> (B)    Defendant's November 12, 2002 plea of guilty and
>        July 7, 2003 conviction for the felony offense of
>        aiding and abetting the knowing discharge of hauled
>        pollutants into a sewage treatment plant pipe in the

---

[2](...continued)
to allow him to dump untreated sewage in to the Town of Hartford Waste Water Treatment Plant. The Court found the prejudice of this evidence outweighed its probative value.

[3]Paragraph (F) involves any opinions offered by Ted Lemaster, arising from the August 5, 2008 inspections of the C4-3 and C4-4 manholes.  The Government represented it would not offer such evidence.

[4]Paragraph (M) involves the theft of a surveillance camera.  The Government stated it would not introduce such evidence.

[5]With respect to paragraph (D), the Court ruled that the Government could introduce evidence that the Town of New Haven ceased permitting to Defendant's business to allow for discharges.  The Government may not assert, however, that the permits were stopped because of illegal dumping by Defendant.

[6]Paragraphs (E) involves allegations that Defendant was engaged in illegal dumping and land application of septage and grease at a farm in Meigs County in 2008.  In addition, paragraphs (I) and (J) involve a misdemeanor no contest plea on August 20, 2009, to open dumping in Meigs County, and Modern Sanitation's felony guilty pleas on the same date to open dumping in Meigs County. The Court ruled the Government can introduce such evidence, with the Court reserving limiting such evidence at trial if it becomes cumulative.

[7]Paragraph (G) involves the Huntington Sanitary Board's November 18, 2008 decision to issue a cease and desist order against Defendant's business, and the revocation of his permit on December 18, 2008.

[8]Paragraph (H) involves allegations that Defendant was engaged in illegal dumping of untreated sewage at manhole C4-4 on March 5, 2009.

[9]*See* note 6, *supra*.

[10]*See* note 6, *supra*.

[11]Paragraph (L) relates to allegations that, in May of 2011, Defendant was engaged in illegal dumping of untreated septage on rural property in Mason County.

United States District Court for the Southern District of West Virginia. . . .

(K)     An April 21, 2011 letter from Thomas Burnett, Pretreatment Coordinator for the City of Chillicothe, Ohio WWTP to the defendant advising him that he was prohibited from disposing loads of grease and/or mixed loads of grease and septage into their WWTP system.

*Def.'s Motion in Limine to Exclude Other Bad Acts Evid. at Trial*, at 1 & 3.  The central point in dispute as to the admissibility of this evidence is whether the Court should be guided by *United States v. McBride*, 676 F.3d 385 (4th Cir. 2012), or *United States v. Cooper*, 482 F.3d 658 (4th Cir. 2007), two cases in which the Fourth Circuit Court of Appeals has determined when and how Rule 404(b) shall apply.[12]

In *Cooper*, the Fourth Circuit examined whether evidence of prior conduct fell within 404(b) in the context of a CWA violation.  The evidence consisted of a lengthy history of the

---

[12]Rule 404(b) provides, in relevant part:

> **(b) Crimes, Wrongs, or Other Acts.**
>
> **(1) Prohibited Uses.**  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> **(2) Permitted Uses . . . .**  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b), in part.

defendant's operation of a sewage lagoon at his trailer park. The defendant had a Virginia Pollution

Discharge Elimination System (VPDES) permit for discharges from the lagoon into a stream. 482

F.3d at 661.[13] Over a period of nearly ten years, the defendant was cited for numerous violations

of the permit, for failing to abide by consent orders to correct the violations, and ultimately for

continuing to discharge after the permit had expired. *Id*. at 661-62. At trial the district court allowed

the Government to introduce evidence of the defendant's dealings with the state environmental

regulatory agency in the five-year period before the charged conduct. *Id*. at 662.

        The Fourth Circuit panel in *Cooper* first concluded that the evidence was

"inextricably intertwined with the CWA violations alleged at trial." *Id*. at 663. Thus, the evidence

was intrinsic to the crime and not 404(b) evidence. The panel observed that the "evidence describes

longstanding conditions at the lagoon" and the defendant's "awareness of those conditions, a fact

relevant to his mens rea under the CWA." *Id*. The evidence also explained how it came to be that

the defendant no longer had a permit to discharge into the stream, establishing the context for the

charge. *Id*. The panel went on to approve the admissibility under a 404(b) analysis as well.

Observing that the Government had to prove the defendant knowingly discharged a pollutant into

the stream, the Court concluded that the evidence was relevant and necessary to prove the

defendant's knowledge and absence of mistake or accident. *Id*.

---

[13]The Environmental Protection Agency approved Virginia's program so that VPDES permits satisfied both state and federal discharge authorization. *Id*.

In *McBride*, the Fourth Circuit recently examined 404(b) in the context of a drug case, where the disputed evidence arose from drug transactions which took place eighteen months before the charged conduct. 679 F.3d at 395. First, the Court noted that not all prior "bad act" conduct falls under 404(b). *Id*. at 396. Citing *United States v. Kennedy*, 32 F.3d 876,886 (4th Cir. 1994), as did the panel in *Cooper*, *McBride* pointed out that evidence "arising out of the same series of transactions as the charged offense, and evidence that 'served to complete the story of the crime on trial,' do not qualify" as 404(b) evidence. *Id*. (quoting *Kennedy*, 32 F.3d at 886). However, the evidence at issue in *McBride* did not fall outside 404(b) as it did not arise from the same series of transactions nor complete the story of the alleged crime. *Id*. Thus, *McBride* turned to Rule 404(b) and applied the four factors articulated in *United States v. Johnson*, 617 F.3d 286 (4th Cir. 2010),which are used to determine whether "bad acts" evidence is admissible. These factors are:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*Id.* (quoting *Johnson*, 617 F.3d at 296-97; (other citations omitted)). Focusing on the relevancy and necessity prongs, the Fourth Circuit in *McBride* determined that the evidence was not admissible under 404(b). *Id*. at 397-99.

To start, the Fourth Circuit reiterated that to be relevant, the conduct had to be "'sufficiently related to the charged offense.' The more closely that the prior act is related to the charged conduct in time, pattern, or state of mind, the greater the potential relevance of the prior act." *Id*. at 397 (quoting *United States v. Rawle*, 845 F.2d 1244, 1247 n.3 (4th Cir. 1988) (other citation omitted)). Based on distinguishing facts as to time, place, pattern and manner of conduct between the 404(b) evidence and the charged crime, the Fourth Circuit concluded that there was no discernable relationship between the prior bad acts and the charges. *Id*. Thus, there was no "linkage" to support the admission of the evidence for any purpose other than the defendant's character. *Id*. at 398. Likewise, the Court found the evidence was not necessary. *Id*. The Fourth Circuit explained that evidence is "necessary" under this Rule when it provides "an essential part of the crimes" charged or "furnishes part of the context of the crime." *Id*. (internal quotation marks and citation omitted).

This Court sees no conflict between these cases. In fact, they are consistent in their approaches to 404(b) issues and even rely on the same precedents to a degree. A court first must decide whether the prior bad acts are outside the 404(b) restrictions. Here, each of the prior acts and the charged conduct arose directly from Defendant's business of collecting, handling, and disposing of septic waste. The prior acts took place in a geographic area in proximity to Defendant's business operations, involved the use of his business trucks to haul and dispose of waste, and are logically indicative of a purpose, place and motive to avoid the cost of lawful discharges of such waste. This evidence provides the context for Defendant's alleged crime, by demonstrating that he had no or limited approval for lawful disposal of waste he collected. This evidence also demonstrates a series

of transactions, over a period of years, wherein Defendant attempted to or did unlawfully dispose of the waste collected by his business.  Further, the evidence completes the story of the crime alleged–illegally dumping in the town's sewer system because he had few, if any, alternative methods of disposal.  These circumstances place the evidence outside Rule 404(b).

Even so, this evidence also would be admissible under Rule 404(b).  As found in *Cooper*, evidence of prior CWA violations may demonstrate a defendant's knowledge and the absence of mistake or accident.  There, the defendant's failure to comply with his discharge permit over a period of years before the charged conduct was relevant and necessary to prove his state of mind and knowledge.  Similarly here, Defendant's prior bad acts are admissible to prove knowledge of the impropriety of the alleged discharge and absence of mistake or accident.[14]

*McBride* does not run counter to this finding.  The Fourth Circuit concluded in *McBride* that prior drug transactions were "unrelated in time, place, pattern, or manner" to the crime charged. *Id*. at 397.  A different drug, a significant passage of time, and unconnected locations for the transactions failed to show that prior acts were similar to the crime. *Id*.  This same analysis was relied upon in *United States v. Johnson*, 617 F.3d 286 (4th Cir. 2010), where the Fourth Circuit held that prior drug sales were not admissible because they were remote in time and different in manner. 617 F.3d at 298.  Both *McBride* and *Johnson* cite for guidance *United States v. Rawle*, 845 F.2d

---

[14]The Honorable Thomas Johnston of this District applied this same approach in *United States v. Garrett*, No. 2:12-00030, 2012 WL 2368481 (S.D. W. Va. June 21, 2012), considering prior drug dealing to provide context outside the ambit of 404(b), but also admissible under that Rule as well.

1244 (4th Cir. 1988), another drug case where prior drug transactions revealed both knowledge and a common scheme or plan in the manner in which the defendant allegedly committed the charged conduct. 845 F.2d at 1247-48. This nexus is evident here, where Defendant engaged in repeated acts over a period of time to dispose of waste collected in his business by improper or illegal means which persisted through the crimes alleged in the Indictment. Therefore, in addition to the evidence the Court previously found admissible at the hearing, the Court **FINDS** the evidence summarized in paragraphs (B) and (K) also is admissible and **DENIES** Defendant's Motion in Limine to Exclude Other Bad Acts Evidence at Trial with respect to those paragraphs. (ECF No. 52).

## II.
## CONCLUSION

Accordingly, in addition to the rulings made at the hearing as set forth above, the Court **DENIES** the remainder of Defendant's Motion in Limine to Exclude Other Bad Acts Evidence at Trial. (ECF No. 52).

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

ENTER:        August 1, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE